## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JERRY SZCZEPANIAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| YELLOWSTONE CAPITAL LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.    Plaintiff brings this action to secure redress from the unlawful obtaining of a credit report by defendant Yellowstone Capital LLC, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3.    Venue in this District is proper because defendant is subject to jurisdiction here.

### PARTIES

4.    Plaintiff is an individual who resides in the Northern District of Illinois.

5.    Defendant Yellowstone Capital LLC is a limited liability company organized under New York law with offices at 160 Pearl Street, New York, NY 10005.

### FACTS

6.    On or about March 4, 2014, plaintiff applied on line for a loan through defendant.

7.    Plaintiff received responses promptly thereafter and was not interested in any of the terms offered.

8.    Any approval or denial of credit resulting from such application had to be made within 30 days thereafter.   12 C.F.R. §1002.9.  If a counteroffer was made and no response was

had from plaintiff, it was considered denied within 90 days.  Id.

9.     Plaintiff had no further contact with defendant and did not express any further interest in doing business with defendant.

10.     On July 11, 2014, over 120 days later, defendant pulled Experian plaintiff's credit report.

11.     Plaintiff did not authorize plaintiff to pull plaintiff's credit report in July 2014.

12.     Defendant had no permissible purpose for pulling plaintiff's credit report on July 11, 2014.

13.     When plaintiff contacted defendant to inquire why defendant had pulled plaintiff's credit report, no response was forthcoming.

### COUNT I – FAIR CREDIT REPORTING ACT – PERMISSIBLE PURPOSE

14.     Plaintiff incorporates paragraphs 1-13.

15.     As described above, Yellowstone Capital LLC pulled plaintiff's consumer report without a permissible purpose for obtaining it.

16.     By and through the acts and practices described in the paragraphs above, defendant negligently or willfully violated 15 U.S.C. §1681b.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

(1)     Appropriate actual, punitive and statutory damages;

(2)     Attorneys fees, litigation expenses and costs of suit;

(3)     Such other or further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER

2

      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


On September 26, 2014 we are moving our offices to:

20 South Clark Street
Suite 1500
Chicago, IL 60603

Telephone and fax numbers and email addresses will remain the same


T:\30132\Pleading\Complaint_Pleading.wpd

3

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman